FRANK S. GARRETT v. DRIVER HARRIS WIRE COMPANY.

Submitted July 3, 1903—Decided February Term. 1904.

Where the evidence is conflicting it is the peculiar province of the jury to determine the credibility of the witnesses and settle the facts, and the court will not interfere with the verdict unless it clearly appears to be against the weight of the evidence.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the rule, *Edward A. & William T. Day.*

Contra, *Allan C. Rowe.*

The opinion of the court was delivered by

HENDRICKSON, J. This is the defendant's rule to show cause why the verdict of $536.44, obtained at Hudson Circuit, should not be set aside. It represents the balance of the contract price of $1,400 for the erection of a furnace for the annealing of wire at the defendant's works in Harrison, N. J. The contract was with the Rockwell Engineering Company, whose assignee is the plaintiff. The preceding payments were made at the periods fixed by the contract, the balance being payable upon the "completion and successful operation" of the furnace.

The only ground of the application urged upon the argument was that the verdict was contrary to the weight of the evidence. The learned trial judge charged the jury that the legal effect of the contract necessary to be proved in order to support a recovery by the plaintiff was that the plaintiff's assignor was to construct a furnace for the proper annealing of steel wire with coke fuel, which would be capable of being successfully operated by men exercising reasonable care and skill in the business. The furnace was built principally of brick, was about twenty-five feet long, six feet high and five feet wide. The firing chamber was at the end and in the upper portion were nine annealing chambers or tubes, made of firebrick, dovetailed and cemented, through which the wire is passed to be heated preparatory to its being drawn through the dies in order to reduce it to the necessary fineness. Counsel on both sides, in their briefs, have referred elaborately to the voluminous evidence in the cause. It is insisted for the defendant that the furnace failed to properly anneal wire as required by the contract (1) because flame would reach the annealing chambers and thereby a deposit of sulphur or other foreign substance would attach to the wire, and (2) because the heat in the annealing chambers would not be uni-

form. It is practically admitted on both sides that the flame should not enter, at least, to any great extent, and that the heat in all the chambers or tubes should be uniform. And if the only factors to be considered in reviewing the evidence were the occasional presence of the flame in the tubes and the failure to produce uniform heat at the times the defendant tested the furnace it would, perhaps, appear that the weight of evidence was in its favor. But there is another factor for consideration. Plaintiff alleges that the unsatisfactory results were due to unskillful operation. The furnace was completed on October 13th, 1902. As a result of correspondence after defendant had tested the furnace and condemned it, tests were made on November 28th and December 23d following by the Rockwell company in the presence of both parties. The president and engineer of the Rockwell company both testified to successful operation in all respects on November 28th, the two Messrs. Driver and Mr. Harris, all of the defendant company, being present. This evidence does not appear to be contradicted. On December 23d the operation was conducted by Mr. Moore, the consulting engineer of the defendant company. The furnace was purchased under his advice. He seems to have been a very fair witness. The substance of his evidence and that of the other witnesses of the Rockwell company was that the test was successful and that by the manipulation of the damper the wire was properly annealed to the satisfaction of the defendant company. There was evidence that the defendant company was to draw the wire thus annealed through the dies and notify the Rockwell company of the result. Mr. Harris testified that they did draw the wire the next day and it was not satisfactory. It is noticeable, however, that in a letter of December 29th, 1902, they inform the Rockwell company of certain defects of the furnace, but make no mention of the result of the drawing. Here there was evidence for the plaintiff which, if believed, would justify a verdict in his favor. It is true there was testimony on the part of the defendant's witnesses which conflicted with this. But it is the

peculiar province of the jury to determine the credibility of witnesses and settle facts, and this court will not interfere with the verdict unless it clearly appears to be against the weight of the evidence. *Hays* v. *Pennsylvania Railroad Co.,* 13 *Vroom* 446; 14 *Encycl. Pl. & Pr.* 770, 772, 776, and cases cited.

After a careful reading of the testimony we are unable to say that it clearly appears that the verdict is against the weight of the evidence.

The same result is reached in Driver Harris Wire Co. *v.* Rockwell Engineering Co., which was an action for damages arising out of the same contract, the two cases having been tried together. In the latter case the jury rendered a verdict for the defendant, which was also brought up by rule to show cause. The two rules were argued together here. The result is that the rules to show cause in both cases will be discharged, with costs.